UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVEN L. HUNTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 1:12-cv-00621-WTL-DKL |
| ) | Case No. 1:09-cr-124-WTL-KPF-1 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ENTRY ON MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255
AND DENIAL OF CERTIFICATE OF APPEALABILITY**

For the reasons explained in this Entry, the motion of Steven Hunter for relief pursuant to 28 U.S.C. § 2255 must be **denied**. In addition, the court finds that a certificate of appealability should not issue.

**THE ' 2255 MOTION**

**I. BACKGROUND**

A jury convicted Hunter of being a felon in possession of ammunition and a felon in possession of a firearm as an armed career criminal, in violation of 18 U.S.C. § § 922(g)(1) and 924(e). Following trial the two counts of possession were merged into a single conviction. On June 30, 2010, Hunter was sentenced to a term of imprisonment of 216 months (a term significantly below his advisory sentencing guidelines imprisonment range of 262 to 327 months) to be followed by three years of supervised release. Hunter was also fined $1000 and assessed the mandatory assessment of $100. Hunter appealed his conviction and sentence to the Seventh Circuit. *See United States v. Hunter*, 418 Fed. Appx. 490 (7th Cir. 2011) (unpublished).

In that appeal, Hunter's counsel filed an *Anders* brief, *see Anders v. California*, 386 U.S. 738 (1967), and moved to withdraw as counsel. The motion to withdraw was granted and Hunter's appeal was dismissed over Hunter's objection.

Hunter now challenges his conviction and sentence. He raises four grounds for relief: 1) ineffective assistance of counsel; 2) the court's failure to intervene between Hunter and his defense counsel; 3) lack of jurisdiction; and 4) the misapplication of the armed career criminal enhancement, 18 U.S.C. § 924(e). The government responded to two of the four grounds for relief raised by Hunter.

## II. DISCUSSION

A motion pursuant to 28 U.S.C. ' 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief pursuant to § 2255 is limited to an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice. *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991).

### A. Ineffective Assistance of Counsel

Hunter's first claim for relief is that he was denied effective assistance of counsel. The right to the effective assistance of counsel is denied when the performance of counsel falls below an objective standard of reasonable professional conduct and prejudices the defense. *Yarborough*

2

*v. Gentry*, 540 U.S. 1, 5 (2003) (*per curiam*) (citing *Strickland v. Washington,* 466 U.S. 668, 687 (1984)). For Hunter to establish that his "counsel's assistance was so defective as to require reversal" of his conviction, he must make two showings: (1) deficient performance that (2) prejudiced his defense. *Strickland,* 466 U.S. at 687.

With respect to the first prong, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith,* 539 U.S. 510, 521 (2003) (quoting *Strickland,* 466 U.S. at 688). In order to show prejudice from counsel's inadequate representation, a petitioner "'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . .'" *Pole v. Randolph,* 570 F.3d 922, 934 (7th Cir. 2009) (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694; *see also Benefiel v. Davis,* 357 F.3d 655, 661 (7th Cir. 2004). Hunter asserts that his trial counsel was ineffective for a variety of reasons, each of which is discussed below.

*1. Failure to investigate*

Hunter's first specification of ineffective assistance of counsel is that his counsel failed to perform an adequate investigation by failing to 1) interview potential witnesses, 2) investigate defenses, and 3) subpoena witnesses. It is unmistakably clear that "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland,* 466 U.S. at 691. Further, "counsel's failure to investigate potential witnesses can constitute deficient performance." *Davis v. Lambert,* 388 F.3d 1052, 1062 (7th Cir. 2004). However, "[i]n order to establish prejudice resulting from a failure to investigate, the defendant must make 'a comprehensive showing of what the investigation would have

3

produced.'" *United States v. Balzano,* 916 F.2d 1273, 1296 (7th Cir. 1990) (citations omitted); *see also United States ex rel. Cross v. DeRobertis*, 811 F.2d 1008, 1016 (7th Cir. 1987) (petitioner has "burden of supplying sufficiently precise information"). Hunter has not met his burden. As the United States points out, the mere allegation that a lawyer failed to conduct an adequate investigation without particulars as to what was not done that should have been is insufficient to warrant post-conviction relief. Hunter has supplied no indication of what was not investigated or uncovered and how that information would have changed the outcome of his trial. There is no indication of what potential witnesses were not called; nor is there any information as to what their testimony would have been.

Similarly, Hunter alleges that his counsel failed to notify the Court that the government was threatening potential witnesses. Hunter does not state who those witnesses were, what was done to threaten them (or who made the threats), or of what the threats consisted. The Seventh Circuit has stated that unsubstantiated and conclusory statements are insufficient for a petitioner to carry his burden of persuasion in support of an ineffective assistance of counsel claim. *See United States v. Turcotte*, 405 F.3d 515, 537 (7th Cir. 2005). Hunter has not met his burden. His unsupported vague allegations of ineffective assistance of counsel are insufficient to support any post-conviction relief.

### 2. Jury Plan

Hunter asserts that his counsel was ineffective because he failed to investigate the make-up of the Grand Jury and ascertain the jury plan. It is not clear what Hunter means by "make-up" of the Grand Jury or "the jury plan," but if he is complaining about the composition of either the Grand Jury or the petit jury, both were selected pursuant to this district's Plan for the Random Selection of Grand and Petit Jurors (an official record of this Court) and he has shown no flaw

in, or deviation from, that Plan. "In essence, the right to a jury trial guarantees to the criminally accused a fair trial by a panel of impartial, 'indifferent' jurors." *Irvin v. Dowd*, 366 U.S. 717, 722 (1961). Hunter has not alleged or shown that he did not receive a fair trial before an impartial jury. No relief is warranted on this basis.

### 3. Communications

Hunter makes multiple allegations which indicate his dissatisfaction with his communications with his counsel, but he fails to specify those differences of opinion or how his trial was affected by them. Hunter also complains that his counsel failed to withdraw prior to trial, although it is unexplained how such conduct by Hunter's trial counsel would have benefitted Hunter. Hunter had the right to act and proceed to trial as his own attorney, but the record does not reflect that Hunter wished to proceed without counsel. Hunter's unsubstantiated and conclusory statements in this regard are insufficient to support an ineffective assistance of counsel claim.

### 4. Plea Negotiations

Hunter asserts that his attorney failed to negotiate a plea agreement with the government. In response, the government argues that Hunter's position was (and continues to be) that he was factually innocent of the offense charged. Hunter testified at his trial that the handgun at issue belonged to his girlfriend, and he only possessed it when he took it from her after she pointed it at him. *See United States v. Hunter*, 418 Fed. Appx. at 492. Hunter could not enter a plea agreement with the government without acknowledging that he was, in fact, guilty.

The government's position is persuasive. The fact that Hunter denied his guilt throughout his criminal trial and continues to do so precludes the possibility of a plea agreement. Under

these circumstances, it is Hunter who is responsible for the failure to negotiate a plea agreement, not trial counsel.

### 5. Trial Performance

Hunter's next specification of ineffective assistance of counsel is that his attorney failed to: 1) object to the inadmissibility of extrinsic evidence pursuant to Rule 404(b); 2) object to hearsay evidence being admitted; 3) object to comments at trial made by the government; 4) zealously defend Hunter; and 5) cite adequate legal authority during the suppression hearing.

Like the previously discussed specifications of ineffective assistance of counsel, Hunter fails to identify any particular error which could have changed the outcome of the trial. For example, Hunter does not state what objection (that would have been sustained) could have been made during the trial or what legal authority should have been identified at a suppression hearing. Similarly, Hunter fails to specify what comments made by the government's counsel at trial were inappropriate or how they were improper or prejudicial. Hunter appears to be dissatisfied that the evidence that proved his guilt was admitted at his trial, but offers no reason why that should not have been the case. Hunter's claims in this respect are insufficient to demonstrate that his counsel was ineffective.

### 6. Jury Instruction

Hunter asserts that his attorney was ineffective for failing to object to a jury instruction not being given. Apparently, Hunter asserts that his counsel should have objected to the Court's refusal to give an instruction on a necessity defense. The Court's decision on that issue, however, was discussed and approved by the Seventh Circuit in Hunter's direct appeal. *See United States v. Hunter*, 418 Fed. Appx. at 493. That being the case, the issue need not be revisited. *Olmstead*

*v. United States*, 55 F.3d 316, 319 (7th Cir. 1995); *Taylor v. United States*, 798 F.2d 271, 273 (7th Cir. 1986).

### 7. *Sentencing*

Hunter alleges that his counsel 1) failed to object and challenge the summary of the presentence investigation report and 2) failed to adequately interview Hunter prior to sentencing. The government correctly points out that Hunter has not identified any error in the calculation of his sentencing guidelines and, additionally, Hunter was sentenced well below his guidelines range. In addition, Hunter has not identified a valid objection to the presentence investigation report; nor has he articulated what his counsel should have discovered by interviewing him. Under these circumstances, Hunter has demonstrated no deficiency in his representation at his sentencing hearing or any prejudice.

### 8. *Post-Trial Performance*

Hunter's final specification of ineffective assistance of trial counsel is that his attorney failed to advise him of issues for appeal. Hunter has not identified any issues that he should have been advised of, and by filing an *Anders* brief, Hunter's counsel represented to the Seventh Circuit that no non-frivolous appellate issues could be identified. This final specification of counsel is frivolous and Hunter is not entitled to any relief on this basis.

### 9. *Ineffective Assistance of Appellate Counsel*

Hunter also asserts that his counsel was ineffective on direct appeal. Counsel is ineffective with respect to an appeal only when that counsel fails to raise issues that were (1) obvious; and (2) clearly stronger that those presented. *See Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994), *abrogated on other grounds by United States v. Ceballos*, 302 F.3d 679,

7

692 (7th Cir. 2002). Hunter has not identified any such issues. Hunter's contention that his representation on appeal was ineffective is rejected.

Based on the foregoing, there is no "'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Harrington v. Richter*, 131 S.Ct. 770, 787 (2011)(quoting *Strickland*, 466 U.S. at 694).

### B. Court's Failure to Intervene Between Hunter and Defense Counsel

Next, Hunter asserts that he "requested several times for the Court to intervene when there were impasses reached with defense counsel and defendant." Hunter has failed, however, to demonstrate how any disagreement with his counsel adversely affected his defense, or how, absent such disagreements, a different result at trial would likely have occurred. The Court is not an arbitrator of disputes between a criminal defendant and his counsel. Hunter offers no authority to support his view that he is entitled to post-conviction relief based on the Court failing to intervene and resolve Hunter's disputes with his counsel. Nor could he; as discussed above, relief pursuant to § 2255 is limited. The fact that the Court declined to act as a referee between Hunter and his counsel under the circumstances of this case does not amount to a jurisdictional, constitutional or fundamental defect which inherently results in a complete miscarriage of justice. *See Borre,* 940 F.2d at 217.

### C. Jurisdiction

Hunter apparently argues that the United States cannot prosecute an offense when the State of Indiana also has a statute prohibiting the conduct. This claim is frivolous. The Seventh Circuit has unequivocally held that A[s]ubject-matter jurisdiction in every federal criminal

prosecution comes from 18 U.S.C. § 3231,[1] and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry." *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999).

### D. Armed Career Criminal

Hunter's fourth ground for relief is "predicate offense[s] arising out of one case, under one cause number consolidated for trial and sentencing cannot be counted separately for purposes of the Armed Career Criminal Enhancement." Dkt. 1 at p. 8. This assertion is really an attempt to argue that Hunter was erroneously sentenced as an armed career criminal under § 924(e). This challenge was considered and rejected in Hunter's direct appeal and need not be revisited. *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995) (quoting *Taylor v. United States,* 798 F.2d 271, 272-73 (7th Cir. 1986)). The Court of Appeals held:

> We would conclude that the underlying crimes were not simultaneous, but instead sequential, and that Hunter had ample time to withdraw from his crime spree before each successive crime. *See United States v. Morris*, 293 F.3d 1010, 1013–14 (7th Cir. 2002). It would, therefore, be frivolous to contend that the violent felonies were not "committed on occasions different from one another" for purposes of § 924(e). *See United States v. Cardenas*, 217 F.3d 491, 492 (7th Cir. 2000).

*Hunter*, 418 Fed. Appx. at 494, 2011 WL 1376781, *3.

### III. CONCLUSION

For the reasons set forth above, Hunter is not entitled to relief pursuant to 28 U.S.C. § 2255. Accordingly, his motion for relief pursuant to § 2255 is denied, and this action is dismissed with prejudice.

---

[1] "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."

## DENIAL OF CERTIFICATE OF APPEALABILITY

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing ' 2255 Proceedings*, and 28 U.S.C. ' 2253(c), the Court finds that Hunter has failed to show that reasonable jurists would find this Court's Aassessment of the constitutional claims debatable or wrong.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore denies a certificate of appealability.

SO ORDERED:  04/30/2013

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy by United States Mail to:**

STEVEN L. HUNTER
09251-028
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Copies to all counsel of record via electronic notification